# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. 5:22-cv-02125-JAK-KES                      Date: May 19, 2023

Title: BROQUE ANTHONY ANDERSON v. SAN BERNARDINO COUNTY, et al.

PRESENT:

<u>THE HONORABLE U.S. MAGISTRATE JUDGE KAREN E. SCOTT</u>

| Jazmin Dorado | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**      **Order to Show Cause ("OSC") Why Complaint Should Not Be Dismissed**

In November 2022, the Court received from Plaintiff Broque Anthony Anderson ("Plaintiff") a 42 U.S.C. § 1983 Complaint against Defendants (1) San Bernardino County ("SBC"), (2) SBC Sheriff's Deputy W. Frisutasanavong, and (3) SBC Sheriff's Deputy Doe. (Dkt. 1.)

Plaintiff alleges that he was working in the computer room at the Rancho Cucamonga Library when the Deputy Defendants "grabbed" him and "began to apply a wrist lock while [his] thumb was being physically threated for an unknown reason that resulted in an allegation" of Plaintiff violating California Penal Code section 602 (trespassing). (<u>Id.</u> at 5.[1]) In the course of arresting him, the Deputy Defendants searched his pockets and seized unidentified property. (<u>Id.</u>) This occurred on February 26, 2020. (<u>Id.</u> at 3.)

Plaintiff was in custody on unrelated matters when he filed this Complaint. (Dkt. 1.) He also filed a request to proceed In Forma Pauperis ("IFP") which was granted. (Dkt. 2, 6.)

Before authorizing service, federal courts must screen inmate and/or IFP complaints and dismiss any case that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. 28 U.S.C. §§ 1915(e)(2);

---

[1] Page citations refer to the pagination imposed by the Court's electronic filing system.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 5:22-cv-02125-JAK-KES                                                      Date: May 19, 2023
                                                                                                        Page 2

1915A.  The Court has reviewed the Complaint and determined that it may fail to state a claim because it is time-barred.

I.      THE TIME BAR.

   A.      **Relevant Law.**

   A court may consider affirmative defenses, such as the statute of limitations, when screening a complaint for failure to state a claim under 28 U.S.C. § 1915A.  Simmons v. Wallace, et al., No. 3:10-cv-00280 (Dkt. 17 at 3), 2011 U.S. Dist. LEXIS 28329, at *3, 2011 WL 978938, at *1 (D. Alaska Mar. 18, 2011).  If a complaint appears to fail to state a claim based on the statute of limitations, then the screening court must allow the plaintiff to present arguments that the statute of limitations either has not run or that tolling applies.  Cooper v. Nielson, No. 99-15074, 1999 U.S. App. LEXIS 22926, at *2 (9th Cir. Sep. 15, 1999) (unpublished).

   Section 1983 does not contain its own statute of limitations.  Instead, claims brought under 42 U.S.C. § 1983 are subject to the forum state's statute of limitations for personal injury suits.  In California, that limitations period is two years.  Flynt v. Shimazu, 940 F.3d 457, 461 (9th Cir. 2019) (citing Cal. Code Civ. Proc., § 335.1.)

   The limitations period begins to run when the claim accrues.  Generally, an excessive force claim under § 1983 accrues when the allegedly excessive force was used.  Steven Garcia v. County of Riverside Sheriff's Department, No. 5:16-cv-01381 (Dkt. 7 at 6), 2016 U.S. Dist. LEXIS 156541, at *7 (C.D. Cal. Sep. 23, 2016).

   Federal courts apply the forum state's laws regarding tolling, except to the extent such laws are inconsistent with federal law.  Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004).  Under California Code of Civil Procedure section 352.1(a), there is a two-year tolling period for plaintiffs who are "at the time the cause of action accrued, imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life."  When a plaintiff is released from custody, this kind of tolling ends.  Id. at 928.

   B.      **Analysis.**

   Plaintiff's claim accrued on February 26, 2020, i.e., the day when he experienced Defendants' allegedly unconstitutional acts.  (Dkt. 1 at 3.)  To avoid the time-bar, Plaintiff would have needed to file his Complaint within two years, or by February 26, 2022.  Giving Plaintiff the benefit of the prison mailbox rule, he constructively filed the Complaint on October 21,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 5:22-cv-02125-JAK-KES                                                                                    Date: May 19, 2023
                                                                                                                                      Page 3

2022.² (Dkt. 1 at 6.)  Thus, Plaintiff filed the Complaint about six months too late unless he is entitled to tolling.

Plaintiff is not entitled to tolling under California Code of Civil Procedure section 352.1(a).  Per the Complaint, he was not in custody when his cause of action accrued; he was in the Rancho Cucamonga Library.³  Even if he was arrested and transported to jail after this incident and spent some time in custody and even if that custody could give rise to tolling, he was out of custody no later than May 16 or May 17, 2020.  See Civil Rights Complaint Pursuant To 42 U.S.C. § 1983 at 3, Broque Anthony Anderson v. Gabriel Santana, et al., No. 5:22-cv-02023-JAK-KES (C.D. Cal. Nov. 14, 2022), Dkt. 1 (alleging that on May 16 or May 17, 2020, Plaintiff was eating lunch on a bench in Upland).  Even if Plaintiff received tolling through May 17, 2020, that would not be enough tolling to render the Complaint timely.

California law also provides for equitable tolling that "operates independently of the literal wording of the Code of Civil Procedure to suspend or extend a statute of limitations as necessary to ensure fundamental practicality and fairness."  Jones, 393 F.3d at 928 (quoting Lantzy v. Centex Homes, 31 Cal. 4th 363, 370 (2003)).  "Under California law, a plaintiff must meet [the following] three conditions to equitably toll a statute of limitations," Fink v. Shedler, 192 F.3d at 916: "(1) defendant must have had timely notice of the claim; (2) defendant must not be prejudiced by being required to defend the otherwise barred claim; and (3) plaintiff's conduct must have been reasonable and in good faith."  Id. (internal quotation marks and citation omitted).  The plaintiff bears the burden of proving the applicability of equitable tolling.  Id.

---

² Plaintiff signed the Complaint on October 21, 2022.  Under the prison mailbox rule, a pro se prisoner's filings are generally deemed filed on the day that they are signed.  See Houston v. Lack, 487 U.S. 266, 268 (1988); Campbell v. Henry, 614 F.3d 1056, 1058-59 (9th Cir. 2010) (citation omitted).

³ California courts have held that this statutory tolling is only applicable if the plaintiff is serving a term of imprisonment in the state prison at the time of accrual.  Austin v. Medicis, 21 Cal. App. 5th 577, 582 (2018).  This is contrary to an earlier Ninth Circuit interpretation of California's prisoner tolling statute applying it to a plaintiff who alleged civil rights violations during his arrest, after which he was in pre-trial custody.  See Elliott v. City of Union City, 25 F.3d 800, 802-03 (9th Cir. 1994).  After Austin, there has been a split among federal district courts in California as to whether to follow Elliott or Austin.  In an unpublished memorandum decision, the Ninth Circuit stated that it was "obligated to follow" Austin in the absence of evidence that the California Supreme Court would rule to the contrary.  Shaw v. Sacramento Cty. Sheriff's Dep't, 810 F. App'x 553, 554 (9th Cir. 2020).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 5:22-cv-02125-JAK-KES                                                                                  Date: May 19, 2023
                                                                                                                                         Page 4

**II.     DISPOSITION.**

**By June 20, 2023**, Plaintiff shall respond to this OSC in one of these ways:

(1) File a "Response to OSC" explaining why he waited until October 2022 to file this Complaint and what facts he contends support the application of any tolling doctrine. If Plaintiff does this, then the Court will decide whether to discharge the OSC and order the Complaint served or whether to recommend dismissing the Complaint, with or without leave to amend.

(2) If Plaintiff concludes that his claims are time-barred, then he may file a voluntary dismissal.

If Plaintiff fails to timely respond to this order by exercising one option, then this action may be dismissed for failure to obey court orders or failure to prosecute. Plaintiff is reminded that the Court's website has information about how to contact the pro se clinic to receive free assistance from volunteer lawyers.

MINUTES FORM 11                                                                                            Initials of Deputy Clerk JD
CIVIL-GEN